IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAUNDRA MICHELE JERMAN         *
                               *
         v.                    *         Civil Case No. GLR-15-2779
                               *
COMMISSIONER, SOCIAL SECURITY  *
                               *
                     *************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered both parties' dispositive motions. [ECF Nos. 13, 14]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that Ms. Jerman's motion be denied, that the Commissioner's motion be granted, and that the Commissioner's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. Jerman filed an application for Disability Insurance Benefits ("DIB") on March 30, 2011, alleging that she became disabled on February 2, 2011. (Tr. 316-17). She then filed an application for Supplemental Security Income ("SSI") on April 1, 2011, alleging that she became disabled on December 11, 2009. (Tr. 309-15). Ms. Jerman later amended her onset date for both claims to January 1, 2012. (Tr. 41). Her applications were denied initially and on reconsideration. (Tr. 186-94). Following a hearing, an Administrative Law Judge ("ALJ") issued an opinion denying benefits. (Tr. 156-68). However, the Appeals Council originally

remanded Ms. Jerman's case for further consideration. (Tr. 169-73). An ALJ held a second hearing on December 2, 2014. (Tr. 59-101). Following that hearing, on February 13, 2015, the ALJ again determined that Ms. Jerman was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 38-58). This time, the Appeals Council denied Ms. Jerman's request for review, (Tr. 1-7), so the ALJ's 2015 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that, during the relevant period, Ms. Jerman suffered from the severe impairments of carpal tunnel syndrome, cervical radiculopathy, left degenerative meniscal tear, chondromalacia, migraines, reflex sympathetic dystrophy, fibromyalgia, and obesity. (Tr. 44). Despite these impairments, the ALJ determined that Ms. Jerman retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no climbing of ladders, ropes or scaffolds; occasional climbing of stairs or ramps; occasional stooping, crouching, crawling or kneeling; no exposure to hazards such as unprotected heights; and occasional handling or grasping with the left non dominant hand.

(Tr. 46). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Jerman could perform several representative light jobs existing in significant numbers in the national economy. (Tr. 51). Therefore, the ALJ concluded, Ms. Jerman was not disabled. (Tr. 52).

Ms. Jerman disagrees. She raises three primary arguments on appeal: (1) that the ALJ erred in assigning weight to the opinions of medical sources and in determining her RFC; (2) that the ALJ erred at step two by failing to find any severe mental impairments; and (3) that the ALJ erred in assessing her credibility. Each argument lacks merit.

First, Ms. Jerman argues that the ALJ did not assign sufficient weight to the opinion of

her treating physician, Dr. Crosse. Pl. Mot. 12-15. The ALJ provided a detailed summary of Dr. Crosse's opinions and cited to specific record evidence undermining Dr. Crosse's conclusions. (Tr. 49-50). Thus, the ALJ appropriately supported her assignments of "some weight" or "little weight" to Dr. Crosse's various opinions. *Id.* While there is evidence in the record that could be marshaled to support a finding of disability (or, specifically, an assignment of greater weight to Dr. Crosse's opinions), this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's extensive analysis in this case provides ample basis for that finding.

Ms. Jerman further contends that the ALJ lacked an evidentiary basis for determining the RFC assessment in the absence of any medical opinion concurring with the assessed limitations. Pl. Mot. at 15-17. However, an ALJ need not parrot a single medical opinion, or even assign "great weight" to any opinions, in determining an RFC. Instead, an ALJ is required to consider "all of the relevant medical and other evidence." *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Felton-Miller v. Astrue*, 459 F. App'x 226, 230-31 (4th Cir. 2011) (determining that an ALJ need not obtain an expert medical opinion to back a particular RFC, but should base an individual's RFC on all available evidence). Here, the ALJ considered Ms. Jerman's testimony, her physical examination findings and imaging results, her mental health status examinations, records from a consultative examination, and the opinion evidence in the record, including GAF scores. (Tr. 47-50). The ALJ provided a discussion of each of those pieces of evidence, and provided explanations for her conclusions. Accordingly, the RFC assessment determined by the ALJ is supported by substantial evidence, despite the lack of a single medical opinion setting forth the same limitations.

Ms. Jerman next argues that the ALJ should have found her mental impairments to be severe at step two. Pl. Mot. 17-19. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. §§ 404.1521(a), 416.921(a). The claimant bears the burden of proving that her impairment is severe. *See Johnson v. Astrue*, Civil Action No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). Here, in several points in the opinion, the ALJ expressly considered Ms. Jerman's depression and post-traumatic stress disorder. (Tr. 44, 48, 49). The ALJ explained that Ms. Jerman's restrictions in activities of daily living, according to her own description, are due to her physical limitations, not mental. (Tr. 45). The ALJ noted that mental status examination findings have largely been normal, and that Ms. Jerman did not regularly see a mental health treatment provider. (Tr. 45, 48, 49). Thus, the ALJ cited to substantial evidence to support her conclusion. However, even if the ALJ had erred in her evaluation of the mental impairments at step two, such error would be harmless. Because Ms. Jerman made the threshold showing that other impairments were severe, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Ms. Jerman's ability to work. *See* 20 C.F.R. §§ 404.1523, 416.923. The analysis supporting the RFC determination evidences a complete consideration of the medical evidence relating to Ms. Jerman's mental health diagnoses, and the RFC determination is supported by substantial evidence. Accordingly, there is no basis for remand.

Finally, Ms. Jerman contests the ALJ's adverse credibility finding. Pl. Mot. 19-21. The ALJ cited numerous examples to support her assessment that Ms. Jerman was not fully credible, including: (1) discrepancies between Ms. Jerman's complaints and the findings on physical examination and imaging; (2) the fact that Ms. Jerman testified that she needed a cane, but

doctors' notes reflect no use of an assistive device for ambulation; and (3) the lack of follow-up treatment with an orthopedist.  (Tr. 47-48).  The credibility determination made by an ALJ warrants substantial deference, and should not be disturbed absent "exceptional circumstances." *Bishop v. Comm'r of Soc. Sec.,* 583 Fed. App'x 65, 68 (4th Cir. 2014) (citing *Eldeco, Inc. v. NLRB,* 132 F.3d 1007, 1011 (4th Cir. 1997)).  Such circumstances included cases where the credibility determination "is unreasonable, contradicts other findings of fact, or is based on an inadequate reason or no reason at all." *Eldeco,* 132 F.3d at 1011 (internal quotations omitted).  Here, I find no exceptional circumstances, and therefore recommend that the ALJ's credibility determination be accepted.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1.  The Court DENY Plaintiff's Motion for Summary Judgment  [ECF No. 13];

2.  the Court GRANT Defendant's Motion for Summary Judgment [ECF No. 14];

3.  the Court AFFIRM the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g); and

4. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  June 7, 2016                                                         /s/
                                                                   Stephanie A. Gallagher
                                                                   United States Magistrate Judge